UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STANLEY DYE, #09563-087,

        Petitioner,

v.                                                     Case No. 23-cv-11120
                                                       HON. BERNARD A. FRIEDMAN

JONATHAN HEMINGWAY,

        Respondent.

_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS

I.    Introduction

Stanley Dye was a federal prisoner incarcerated at the Federal Correctional Institution in Milan, Michigan when he filed this habeas petition. He is currently incarcerated at the Charles Egeler Reception and Guidance Center in Jackson, Michigan after violating his parole on several state court convictions. [1] Dye filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging the Bureau of Prisons' ("BOP") refusal to apply some of his First Step Act ("FSA") earned time credits towards his pre-release placement date. The government moved

---

[1] The Court takes judicial notice of this information from the Michigan Department of Corrections' Offender Tracking Information System (OTIS). *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821 n. 3 (E.D. Mich. 2004).

to dismiss the petition because Dye failed to exhaust his administrative remedies and because his release from federal custody moots his claim. For the following reasons, the petition for a writ of habeas corpus is summarily dismissed without prejudice.

II.    Background

Dye pleaded guilty in 2014 to aiding and abetting in the possession with intent to distribute oxycodone. *See* 18 U.S.C. § 2; 21 U.S.C. §§ 841(a)(1), (b)(1)(C). A federal district court in West Virginia sentenced him to 151 months incarceration followed by three years of supervised release.

In August 2022, Dye began filing requests for administrative relief from BOP's refusal to apply some of his FSA earned time credits towards his pre-release placement date. FCI Milan's warden denied his initial request. Two subsequent requests were rejected because Dye failed to comply with administrative filing requirements. Dye did not file any further appeals or cure the procedural defects.

Dye filed this habeas petition in May 2023. BOP calculated his FSA earned time credits and determined that he was eligible to earn and apply 365 credits towards his release date. BOP projected his release date as September 23, 2023. In its motion to dismiss the petition, the government noted that Dye's imminent release from custody precluded his placement in home confinement, even though the State of Michigan had lodged a detainer against him. BOP eventually released Dye from

federal custody on September 22, 2023.[2]  The motion to dismiss contends that Dye

failed to exhaust his remedies and that his release from federal custody now moots

the petition.

II.   Analysis

    *A.   Exhaustion*

Federal habeas petitioners are required to exhaust their administrative

remedies before seeking habeas corpus relief under 28 U.S.C. § 2241. *See Luedtke*

*v. Berkebile,* 704 F.3d 465, 466 (6th Cir. 2013); *Fazzini v. Northeast Ohio*

*Correctional Center,* 473 F. 3d 229, 231 (6th Cir. 2006).  The failure to exhaust

administrative remedies is an affirmative defense that the government must

establish. *See, e.g., Luedtke,* 704 F. 3d at 466.

BOP maintains an extensive administrative remedy procedure "through which

an inmate may seek formal review of a complaint which relates to any aspect of his

imprisonment if less formal procedures have not resolved the matter." 28 C.F.R. §

542.10.  Inmates seeking to redress the deprivation of any purported right must apply

to the warden or community corrections manager, then to the Regional Director, and

ultimately to the Office of General Counsel. *See Kesterson v. Fed. Bureau of*

*Prisons*, 60 F. App'x 592, 594 (6th Cir. 2003).

---

[2] The Court may take judicial notice of BOP's inmate locator. *See Demis v. Sniezek*,
558 F.3d 508, 513 n.2 (6th Cir. 2009).

Dye neglected to exhaust his remedies at all levels of the administrative process. After FCI Milan's warden denied his initial request for relief, Dye filed an administrative request with the Regional Director. (ECF No. 8-1, PageID.155). That request was denied because (1) he did not provide a copy of his institution's administrative request form (BP-9) or the warden's response, and (2) Dye never attempted to resolve the dispute informally. BOP informed Dye that he could resubmit his appeal in proper form within ten days of the denial. (*Id.*, PageID.162). Dye's appeal to the Central Office failed for the same reasons. BOP advised Dye to follow the directions provided in the prior rejection notices and submit a complete packet to the Regional Office for review. (*Id.*, PageID.164). Dye never adhered to these instructions. (*Id.*, PageID.143).

Administrative law requires the proper exhaustion of administrative remedies, which "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Woodford v. Ngo,* 548 U.S. 81, 90 (2006) (cleaned up). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.,* at 90-91.

Dye did not properly exhaust his administrative remedies because his appeals to the Regional Office and the Central Office failed to comport with the procedural

requirements for seeking administrative review of his claim.  Nor did he resubmit the appeal to the Regional Office in conformance with their requirements. *See Crisp v. United States,* No. 20-11538, 2020 U.S. Dist. LEXIS 144200, at *3 (E.D. Mich. Aug. 12, 2020) ("An inmate has not fully exhausted his administrative remedies until he has appealed through all three levels."); *Giannone v Zych*, No. 10-11844, 2010 U.S. Dist. LEXIS 49388, at *5 (E.D. Mich. May 19, 2010) (same).  What is more, Dye failed to show that exhausting his claim would be futile. *See Fazzini*, 473 F.3d at 236.

Because Dye did not exhaust his available administrative remedies, the habeas petition must be dismissed without prejudice. *See Hartsfield v. Vidor*, 199 F.3d 305, 310 (6th Cir. 1999).

B.    *Mootness*

Setting aside the exhaustion problem, Dye's release from federal custody moots his claim anyway.  Article III, § 2 to the United States Constitution mandates the existence of a case or controversy through all stages of federal proceedings.  This means that Dye "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).  When the issuance of a writ of habeas corpus would not affect a petitioner's term of custody, and would not impose collateral legal consequences, the habeas petitioner fails to present a

justiciable case or controversy under Article III. *See Demis*, 558 F.3d at 513; *Carras v. Williams,* 807 F. 2d 1286, 1289 (6th Cir. 1986) ("mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief.").

Since Dye's release from federal custody moots his entitlement to any FSA credits, his petition for a writ of habeas corpus may be dismissed on this basis as well. *See Inniss v. Hemingway*, No. 22-11991, 2023 U.S. Dist. LEXIS 27680, at *3-4 (E.D. Mich. Feb. 17, 2023); *see also Cook v. Hemingway*, No. 21-11711, 2022 U.S. Dist. LEXIS 148154, at *9 (E.D. Mich. Aug. 18, 2022). Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus is summarily dismissed without prejudice.

IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is granted since any appeal would be taken in good faith.[3] *See* 28 U.S.C. § 1915(a)(3).

**SO ORDERED.**

Dated: October 19, 2023
Detroit, Michigan

s/Bernard A. Friedman
Bernard A. Friedman
Senior United States District Judge

---

[3] A certificate of appealability is not required to appeal the denial or dismissal of a habeas corpus petition under section 2241. *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2001).

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on October 19, 2023.

**Stanley Dye, #**09563-087
MILAN
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
MILAN, MI 48160

s/Johnetta M. Curry-Williams
Case Manager